IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| McGILL PARFAIT | § | CIVIL ACTION NO. |
| | § | |
| VS. | § | |
| | § | |
| APACHE CORPORATION | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW Plaintiff McGill Parfait, complaining of Defendant, Apache Corporation ("Defendant" and/or "Apache"), respectfully showing unto this Honorable Court as follows:

### I. PARTIES

1.1   Plaintiff McGill Parfait, is a U.S. citizen and resident of the state of Louisiana.

1.2   Defendant Apache Corporation, is a Delaware corporation with its principal place of business in the Southern District of Texas, doing business in this District, Division, and the state of Texas for the purpose of accumulating monetary profit, and may be served with process through its registered agent CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

## II.  JURISDICTION AND VENUE

2.1     This negligence cause of action is brought pursuant to the Outer Continental Shelf Lands Act, 43 U.S.C. §§ 1331, *et seq*.

2.2     Venue is proper in this District and Division, as Apache is located within this District and/or Division.

2.3     The amount in controversy herein exceeds the sum of $75,000, exclusive of interest and costs.

## III.  FACTS

3.1     This suit is necessary to collect a legal debt and damages due and owing Plaintiff because of an incident that occurred on or about June 30, 2013.  On that date, Plaintiff was employed by Performance Energy, working as a pipe fitter / welder on Grand Isle 40G, an offshore production platform in the Gulf of Mexico.  At all times material hereto, the platform was owned and/or operated by Apache.

3.2     On said date, Plaintiff was assigned to participate in changing out a shut down valve.  Apache, or its agent(s), had removed a flange from the well head, and left it up by the well head.  As Plaintiff prepared to start on changing out the shut down valve, the flange fell, striking him in the chest, causing him to sustain serious and debilitating bodily injuries.  Plaintiff would show that nothing he did or failed to do on the occasion in question caused or in any way contributed to cause his injuries.

To the contrary, the occurrence in which Plaintiff was injured and the injuries which he sustained were proximately caused by the negligence and/or gross negligence, as those terms are understood in law, on the part of Defendant, its agents, servants and/or employees, including its company man, who were acting in the course and scope of their employment or agency for Defendant at all times material to this cause of action. The Plaintiff's work never should have been permitted to commence before the flange was removed from a place where it could fall and injure a worker such as Plaintiff.

    3.3    Plaintiff would further show that Defendant had the right of control over the details of the work being performed at the work site in question and the right of control over the work being performed by all of the men at the work site in question, including the Plaintiff, company man and all contractors. Defendant had the right of control and right of supervision of the details of the procedures, equipment, devices, instructions, methods, and manner of work being performed. Defendant retained control over and coordinated the manner in which the work was performed. Further, Defendant was in overall charge of safety at the job site in question, and Defendant owed Plaintiff a duty to exercise reasonable care to insure that said work by all contractors at the work site in question, was done in a safe and prudent manner.

## IV. NEGLIGENCE

4.1 Defendant's conduct as set forth above constituted negligence and/or gross negligence, as that term is understood in law, and such conduct was a proximate cause of the Plaintiff's injuries and resulting damages made the basis of this suit.

4.2 Defendant was negligent and/or grossly negligent, through acts and omissions of its agents, servants, and/or employees, including its company man, in the course and scope of their employment, individually and/or collectively.

## V. DAMAGES

5.1 As a direct and proximate result of the Defendant's conduct, Plaintiff suffered the following bodily injuries and damages, including, but not limited to: (a) mental anguish in the past and future; (b) lost earnings; (c) loss of earning capacity; (d) disfigurement in the past and future; (e) physical impairment in the past and future; (f) medical expenses in the past and future; (g) physical pain and suffering in the past and in the future.

## VI. PRE-JUDGMENT INTEREST

6.1 Plaintiff is entitled to recovery of pre-judgment interest in accordance with law and equity as part of his damages herein, and Plaintiff specifically sues for recovery of pre-judgment interest from the date of the occurrence made the basis of this suit until the date of the judgment herein, as provided by law and equity.

## VII.  JURY DEMAND

7.1   Plaintiff demands a trial by jury herein.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer herein, and for judgment against Defendant for:  actual damages in an amount exceeding the jurisdictional limits of this Court; prejudgment and postjudgment interest; punitive damages and attorney's fees; costs of suit; and all other relief to which he may be entitled.

Respectfully submitted,

*/s/ Marc Evan Kutner*
Marc Evan Kutner
SBN 11770575 / Federal ID 6238
401 Louisiana Street, 8th Floor
Houston, Texas 77002
Telephone:  713-653-5600
Facsimile:   713-653-5656
Email:            mkutner@spaglaw.com

**OF COUNSEL**:

SPAGNOLETTI & CO.
ATTORNEYS FOR PLAINTIFF