IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| McGILL PARFAIT, § | |
| § | |
| Plaintiff, § | |
| § | C.A. NO. 3:14-cv-00213 |
| vs. § | |
| § | |
| APACHE CORPORATION, *et al,* § | |
| § | |
| Defendant. § | |

**DEFENDANT WOOD GROUP PSN, INC.'S
MOTION FOR SUMMARY JUDGMENT**

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant Wood Group PSN, Inc. ("Wood Group") files this Motion for Summary Judgment, and would show the Court the following:

**TABLE OF CONTENTS**

Table of Contents ................................................................................................................ i

Table of Authorities ........................................................................................................... ii

Statement of the Nature and Stage of Proceedings ........................................................... 1

Statement of Issue and Applicable Standard of Review ................................................... 1

Summary of Argument ...................................................................................................... 2

Undisputed Facts ............................................................................................................... 3

Argument and Authorities ................................................................................................. 5

Conclusions ..................................................................................................................... 10

Certificate of Service ...................................................................................................... 12

# TABLE OF AUTHORITIES

**CASES**

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986) ....................................................... 2

*Armstrong v. Am. Home Shield Corp.*, 333 F.3d 566 (5th Cir. 2003) ................................ 2

*Boudreaux v. Swift Transp. Co. Inc.*, 402 F.3d 536 (5th Cir. 2005) ................................... 2

*Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) .................................................................... 2

*Dennis v. Bud's Boat Rental, Inc.*, 987 F.Supp. 948 (E.D. La. 1997) ............................ 5, 8

*George v. Nabors Offshore Corp.*, 464 Fed.Appx. 300 (5th Cir. 2012) ............................. 6

*Lafont v. Chevron, U.S.A., Inc.*, 593 So.2d 416 (La. Ct. App. 1991) ...................... 5, 6, 8, 9

*Rabalais v. Nash*, 952 So.2d 653 (La. 2007) ...................................................................... 6

*Reitzell v. Pecanland Mall Associates, Inc.*, 852 So.2d 1229 (La. App. 2d Cir. 8/20/03) . 5

*Roberts v. Benoit*, 605 So.2d 1032 (La. 1994) .................................................................... 5

*Swido v. Lafayette Ins. Co.*, 916 So.2d 399 (La. App. 3d Cir. 2005) writ denied, 925 So.2d 1261 (La. 2006) ......................................................................................................... 5

**RULES/STATUTES**

43 U.S.C. §§ 1331, *et seq* .................................................................................................... 3

43 U.S.C. § 1333(2)(a) ........................................................................................................ 3

La. Civ. Code Art. 2317.1 ................................................................................................... 5

Fed. R. Civ. P. 56(a) ............................................................................................................ 2

**STATEMENT OF THE NATURE AND STAGE OF PROCEEDINGS**

Plaintiff McGill Parfait ("Plaintiff") filed suit on January 9, 2015, alleging that Defendants' Apache Corporation ("Apache"), S&S Consulting Group, LLC ("S&S") and/or Wood Group's (collectively, the "Defendants") negligence and/or gross negligence caused a flange to fall and strike Plaintiff on the chest resulting in serious and debilitating bodily injuries. Specifically, Plaintiff alleges that one or more of the Defendants removed a wellhead flange from a shut-down valve and placed the flange inside of a check valve approximately eight feet in the air. The action of removing the flange and placing it inside of a check valve is the basis of the Plaintiff's claim.

Thus far in the proceedings the parties have exchanged written discovery and the Plaintiff was deposed on August 28, 2015. The deadline for completion of discovery is December 3, 2015, and the case is set for docket call on February 25, 2016.

**STATEMENT OF ISSUE AND APPLICABLE STANDARD OF REVIEW**

Whether Wood Group is entitled to a summary judgment that it did not breach its duty to the Plaintiff as under Louisiana law, that duty is to at the least refrain from gross, willful or wanton negligence and at the most refrain from creating an unreasonable risk of harm or hazardous condition. The undisputed evidence establishes that Wood Group was not grossly negligent and did not create an unreasonable risk of harm or hazardous condition as Wood Group a) did not remove the flange, b) did not place the flange in the check valve overhead, and c) did not oversee any construction or maintenance work on the shut-down valve at issue.

1

The standard of review pertaining to a motion for summary judgment is whether there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50, 106 S.Ct. 2505 (1986). "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). If the burden of proof at trial lies with the non-moving party, the movant is not required to, but may, present evidence proving the absence of a material fact issue; rather, the movant may meet its burden by simply pointing to an absence of evidence to support the non-movant's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25, 106 S.Ct. 2548, 2552-55, 91 L.Ed.2d 265 (1986); *see also Boudreaux v. Swift Transp. Co. Inc.*, 402 F.3d 536, 540 (5th Cir. 2005). The non-movant then bears the burden to prove sufficient facts to establish the essential elements of its case. *See Celotex*, 477 U.S. at 323.

Further, courts "will grant summary judgment 'in *any* case where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the non-movant.'" *Boudreaux*, 402 F.3d at 540 (finding movant met its summary judgment burden by asserting in its motion that the non-movant could not prove the movant breached a duty) (emphasis in original) (citing *Armstrong v. Am. Home Shield Corp.*, 333 F.3d 566, 568 (5th Cir. 2003)).

## SUMMARY OF ARGUMENT

Wood Group and Plaintiff's employer, Performance Energy Services ("Performance"), were both independent contractors of Apache working on an offshore

platform located in Grand Isle 40, which is offshore Louisiana (the "GI 40 Platform"). Under Louisiana law[1], the duty of one independent contractor (i.e. Wood Group) to another independent contractor's employee (Plaintiff) is "the duty to at least refrain from gross, willful or wanton negligence and at most to refrain from creating an unreasonable risk of harm or a hazardous condition."

Plaintiff cannot meet its burden to prove that Wood Group was grossly negligent and/or created an unreasonable risk of harm as Plaintiff cannot prove that Wood Group: 1) removed the flange, 2) placed the flange in the check valve, and 3) oversaw any construction or maintenance work on the shut-down valve at issue. In fact, the uncontroverted evidence affirmatively proves that Wood Group had nothing to do with the flange. Thus, there is no genuine dispute as to any material fact and Wood Group is entitled to summary judgment as a matter of law because it was not grossly negligent and did not create the allegedly hazardous condition.

## UNDISPUTED FACTS

1. On or about June 30, 2013, Plaintiff was allegedly injured while working for Performance. Doc. 15 at 3. Performance employed Plaintiff as an offshore pipefitter. *Id.* While working on a different platform (the name of which is unknown), Plaintiff's team received an order to immediately relocate to the GI 40 Platform. App. "1" at 27:24-

---

[1] Plaintiff's claim is brought under the Outer Continental Shelf Lands Act ("OCSLA"), 43 U.S.C. §§ 1331, *et seq.* Doc. 15 at 3. Under OCSLA, courts apply the law of the state adjacent to the seabed on which the incident occurs. 43 U.S.C. § 1333(2)(a). Since the Platform is located offshore Louisiana, App. "2," Louisiana law applies.

3

28:12.[2]

2. According to Plaintiff, the task was to remove an incorrectly installed shut-down valve, correct the valve's orientation, and re-install the valve. *Id.* at 34:19-35:5. The shutdown valve was on the bottom deck of the GI 40 Platform. *Id.* at 51:3-5. Wood Group's only employee on the platform was Daniel King ("King"), and King was on the upper deck when the Plaintiff was allegedly injured. App. "2" at 3; *see also* App. "1" at 35:22-25; 55:22-56:15.

3. Plaintiff and the other workers began setting up overhead rigging to raise the shut-down valve. *Id.* at 62:16-63:13. To create leverage, Plaintiff threw a strap over a check valve approximately seven and a half to eight feet in the air. *Id.* at 73:13-21. The strap allegedly "hooked onto a needle valve," which was attached to a flange inside the check valve. *Id.* at 74:6-15. Plaintiff claims that when he pulled down on the strap twice to tighten it, "it grab (*sic*) ahold of this needle valve and flipped the whole flange out of . . . the check valve." *Id.* at 159:5-9. The falling flange allegedly struck Plaintiff in the chest. *Id.* at 82:13-18.

4. Plaintiff alleges that the cause of the incident was the removal of the flange and the placing of the flange inside the overhead check valve. *Id.* at 80:3-6. As set forth below, there is no evidence that Wood Group played a role in the removal of the flange or the apparent placement of the flange in the overhead check valve. In fact, the uncontroverted evidence establishes that Wood Group did not remove the flange, did not

---

[2] Pursuant to Court Procedure 7 (B)(2), supporting affidavits and deposition testimony excerpts are separately filed as appendices. Wood Group incorporates same herein as summary judgment evidence.

place the flange in the check valve and did not oversee construction. App. "2".

## ARGUMENT AND AUTHORITIES

5. In claims against "operator[s] of the platform…the Louisiana law governing the liability of the owner or custodian of a defective thing is Louisiana Civil Code article 2317.1." *See Dennis v. Bud's Boat Rental, Inc.*, 987 F. Supp. 948, 952 (E.D. La. 1997).[3] Article 2317.1 provides, in part, as follows:

> The owner or custodian of a thing is answerable for damage occasioned by its ruin, vice or defect, only upon a showing that he knew of or, in the exercise of reasonable care, should have known of the ruin, vice or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care.

Thus, the plaintiff must show that the defendant had custody of the thing causing the injury, that the thing contained a defect, that is, a condition creating an unreasonable risk of harm, and that the defective condition caused plaintiff's injury. *Reitzell v. Pecanland Mall Associates, Inc.*, 852 So.2d 1229 (La. App. 2 Cir. 8/20/03).

6. Moreover, under Louisiana law, one independent contractor owes another independent contractor working on the same premises the same duty of exercising ordinary care as owed to the public generally. *Lafont v. Chevron, U.S.A., Inc.*, 593 So. 2d 416, 420 (La. Ct. App. 1991). More specifically, the court in *Lafont* described that duty as "at the very least . . . refrain from gross, willful or wanton negligence, and at most the

---

[3] For the purposes of this Motion, while Wood Group contends that Article 2317.1 applies to this case, even if Articles 2315 and 2316 (general negligence statutes) were applied, Wood Group would still be entitled to a summary judgment as articles 2315 and 2316 require a duty, a breach, cause-in-fact, legal cause and damages. *Swido v. Lafayette Ins. Co.*, 916 So.2d 399, 405 (La. App. 3d Cir. 2005) writ denied, 925 So.2d 1261 (La. 2006), (citing *Roberts v. Benoit*, 605 So.2d 1032, 1051 (La. 1994)).

duty to refrain from **creating** an unreasonable risk of harm or a hazardous condition." *Id.* *See* e.*g. George v. Nabors Offshore Corp.*, 464 Fed. Appx. 300-01 (5th Cir. 2012) (citing, *Lafont*, 593 So. 2d at 420) (emphasis added). The Louisiana Supreme Court defined "gross negligence" as "the want of even slight care and diligence," and "the want of that diligence which even careless men are accustomed to exercise." *See Rabalais v. Nash*, 952 So.2d 653, 658 (La. 2007).

7. Summary judgment is appropriate because Plaintiff cannot meet its burden to prove that there is evidence sufficient for a reasonable jury to find that Wood Group breached its duty to refrain from acting with gross, willful, or wanton negligence or created the allegedly hazardous condition. In fact, even though the Plaintiff bears the burden of proof, the evidence *affirmatively proves* that Wood Group did not breach this duty. The Plaintiff admitted at his deposition, App. "1," that Wood Group was not grossly negligent and did not create the allegedly hazardous condition. The pertinent testimony follows:

> Q: Do you know who had put the flange up there?
> A: No, sir.
> Q: Do you know who had taken the flange off the shutdown valve?
> A: No, sir.

App. "1" at 80:7-11.

> Q: I understood. But my question is: Do you have any information or evidence –
> A: No.
> Q: -- that Wood Group had anything to do with that flange being up there?
> A: No.

6

*Id.* at 123:12-17.

> Q: All I'm asking you is in the interrogatories that I asked you what acts of negligence that you claim were done by Wood Group, your answer was: 'Taking shortcuts, placing flange where it was not visible, not advising anyone what they were doing and where they were placing it.' That was your answer correct?
> A: Yeah.
> Mr. Clark: Objection, form.
> Q: **Do you have any evidence that Wood Group did any of those things?**
> A: **No, I don't.**

*Id.* at 138:12-18.  (Emphasis added).

> Q: And you have no idea, no knowledge, or no evidence of Wood Group doing anything relating to that flange, do you?
> Mr. Clark: Objection, form.  Asked and answered.
> A: No.

*Id.* at 142:16-21.

> Q: Do you recall reading the [Interrogatories] that had been sent by me and my client, Wood Group?
> A: Yeah, I could hardly answer any of them because I didn't know who was Wood Group even (*sic*).

*Id.* at 138:13-16.

> Q: Do you have any evidence that Wood Group did any of those things that you said in here?
> A: No….

*Id.* at 139:12-18.

> Q: You know you've sued Wood Group, right?
> A: Now I know.
> Q: Did you not know before today that you had sued Wood Group?
> Mr. Clark: Objection, form.
> A: I didn't know.  Like I said, I answered [the Interrogatories] like that because you got 'Wood Group,' 'Wood Group,' everything saying Wood

7

      Group is on there. That's the reason why I answered it like that.

*Id.* at 141:24-142:12.

  8. This testimony ***alone*** establishes that there is no genuine issue of fact and that Wood Group is entitled to a summary judgment as a matter of law. Even so, there is additional evidence that Wood Group was not grossly negligent and did not create the allegedly hazardous condition. The affidavit of King, App. "2", establishes these facts as follows:

  A. Wood Group provides production-related services only;
  B. Wood Group does not participate in, supervise, or control any construction activities; and
  C. King, the only Wood Group employee on the Platform at the time of the incident and in the preceding days, did not have anything to do with the flange, did not remove the flange, and did not place the flange in the check valve. *Id.*

App. "2".

  9. The case law also supports the fact that Wood Group is entitled to a summary judgment. *See Dennis*, 987 F. Supp. at 952 (E.D. La. 1997) (emphasizing that "[t]he plaintiff in his own deposition was unable to recite anything that [the defendant] did or did not do that played a role in or caused plaintiff's accident"); *see also Lafont*, 593 So. 2d at 418-21. In *Lafont*, an employee, Lafont, of an independent contractor sued another independent contractor, Danos, for negligence. 593 So.2d at 418. Lafont alleged that he was injured when, while working on an offshore platform, he slipped and fell from a garbage dumpster while assisting Danos' employees. *Id.* Lafont alleged that Danos was liable for not properly cleaning out grease and food inside of the garbage

8

dumpster. *Id.* at 418-19. The First Circuit for the Court of Appeal of Louisiana noted that there was no evidence that Danos placed any greasy substance in the garbage dumpster. *Id.* at 420. The court granted summary judgment for Danos stating, in relevant part, as follows:

> Consequently, we must conclude that at the very least, Danos owed plaintiff the duty to refrain from gross, willful or wanton negligence, and at most the duty to refrain from creating an unreasonable risk of harm or a hazardous condition. However, we find that Danos did not breach any duty to plaintiff, nor were any actions of Danos the cause of plaintiff's injury. It was the actions of Chevron, in placing the greasy substance in the garbage bin and in requiring its contractors to enter into the dumpster in order to dump garbage which was the cause of the accident

*Id.*

10. The issues at hand are nearly identical to those in *Lafont*. The Plaintiff, Parfait, is an employee of an independent contractor suing another independent contractor, Wood Group, for negligence for alleged injuries resulting from a falling flange on an offshore platform. Additionally, the dearth of evidence that Wood Group placed the flange in the check valve and created the purportedly hazardous condition is indistinguishable from the lack of evidence in *Lafont* that Danos placed the greasy substance in the garbage dumpster. In fact, summary judgment is even more appropriate here as the evidence affirmatively shows Wood Group **did not** create the condition. This Court should grant summary judgment just as the court did in *Lafont*.

11. The case law, Plaintiff's admissions and King's affidavit establish that not only is there ***no evidence*** that Wood Group was grossly negligent or created the allegedly hazardous condition, but the evidence ***unequivocally establishes*** that Wood Group

9

played no role whatsoever with respect to the flange or valve. As such, Wood Group is entitled to summary judgment as a matter of law.

## CONCLUSION

12. Plaintiff has the burden of proving that there is sufficient evidence for a reasonable jury to conclude that Wood Group was grossly negligent or created the allegedly hazardous condition – the placing of the flange in the check valve some eight or more feet above where Plaintiff was working. Plaintiff testified that he had no evidence or information that Wood Group had anything to do with the flange, did not know who Wood Group was, and did not even know he sued Wood Group.

13. King's affidavit further establishes that Wood Group did not remove the flange and did not place the flange in the check valve. There is no evidence that Wood Group was grossly negligent (or negligent at all) or created the allegedly hazardous condition. In fact, the evidence reveals the contrary. As such, there is no genuine issue of material fact and Wood Group is entitled to a summary judgment.

WHEREFORE, Defendant Wood Group PSN, Inc. prays that the Court grant its Motion for Summary Judgment and also prays for such other and further relief to which it may be entitled.

        Respectfully submitted,

        JOHNSON DELUCA KURISKY & GOULD, P.C.

        By:   */s/ Bradley L. DeLuca*
              Bradley L. DeLuca
              Attorney-In-Charge
              State Bar No. 05653800

        1221 Lamar Suite 1000
        Houston, Texas 77010
        Telephone: (713) 652-2525
        Facsimile: (713) 652-5130
        Email: bdeluca@jdkglaw.com

Of Counsel:

JOHNSON DELUCA KURISKY & GOULD, P.C.

Brigid D. Ashcraft
bashcraft@jdkglaw.com
State Bar No. 01372450
Adam R. Diamond
adiamond@jdkglaw.com
State Bar No. 24092344
1221 Lamar Suite 1000
Houston, Texas 77010
Telephone: (713) 652-2525
Facsimile: (713) 652-5130

**ATTORNEYS FOR DEFENDANT WOOD GROUP PSN, INC.**

## **CERTIFICATE OF SERVICE**

I certify that the above document has been served to all counsel of record by CM/ECF and/or other means in accordance with the Federal Rules of Civil Procedure on <u>October 27, 2015</u>.

    Jerry C. von Sternberg
    Marcus Spagnoletti
    Spagnoletti & Co.
    401 Louisiana Street, 8th Floor
    Houston, Texas 77002

    Kent M. Adams
    Sarah R. Smith
    Lewis Brisbois Bisgaard & Smith, LLP
    Weslayan Tower, Suite 1400
    24 Greenway Plaza
    Houston, Texas  77046

    William R. Moye
    Andrew McCluggage
    Molly Pela
    Thompson Coe Cousins & Irons, LLP
    One Riverway, Suite 1400
    Houston, Texas 77056

    */s/ Bradley L. DeLuca*
    Bradley L. DeLuca