IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| **McGILL PARFAIT** | § § § | |
| *Plaintiff*, | § § | CIVIL ACTION NO. 3:14-CV-00213 |
| vs. | § § | JURY DEMANDED |
| **APACHE CORPORATION**, | § § | |
| *Defendant*. | § § | |

**DEFENDANT'S S&S CONSULTING GROUP, LLC'S CROSS-CLAIM AGAINST APACHE CORPORATION**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW Defendant S&S Consulting Group, LLC and files this cross-claim against Apache Corporation, and in support of would show as follows:

I.   PARTIES

1. Defendant/Cross-Plaintiff, Apache Corporation ("Apache") has filed an answer and appeared in these proceedings. Service of this cross-claim, as reflected in the attached Certificate of Service, has been made on its attorneys of record.

2. Defendant/Cross-Defendant S&S Consulting ("S&S Consulting") has filed an answer and appeared in these proceedings.



## II. JURISDICTION AND VENUE

3. This cross-claim is brought pursuant to Fed. R. Civ. P. 13(g). The underlying case is brought pursuant to the Outer Continental Shelf Lands Act 43 U.S.C. §§1331 et. seq.

4. Venue is proper in this district and Division, as Apache is located within the District and/or Division.

## III. BACKGROUND FACTS

5. Plaintiff's claim for personal injury damages stems from an alleged offshore platform accident on June 30, 2013. Plaintiff alleges he was seriously injured while working to change out the shut-down valve and a flange from a well head fell from an elevated position and struck him in the chest. Plaintiff makes several allegations against S&S Consulting as well as other named defendants to the lawsuit, including Apache Corporation.

6. On January 11, 2011, S&S Consulting and Apache entered into a Master Service Agreement (MSA), wherein Apache agreed to "release, indemnify, protect, defend, and hold harmless" S&S Consulting for work provided under the MSA. Based on Plaintiff's allegations, S&S Consulting provided the "Company Man" on the platform, which qualifies as "work" under the MSA with Apache.

7. Further, the terms and conditions of the MSA require Apache to obtain insurance to support its indemnity obligations to S&S Consulting and to have its insurance policies endorsed to name S&S Consulting as an additional insured.

8. Accordingly, under the terms of the contractual relationship outlined in the MSA, Apache is required to defend and indemnify S&S Consulting and to provide insurance coverage to S&S Consulting as an additional insured against any claims and/or liability arising out of or in connection with work performed pursuant to the MSA, including those claims brought against S&S Consulting by Plaintiff herein.

9. On August 27, 2015, and again on October 28, 2015, S&S Consulting tendered its request for defense and indemnity to Apache and its insurer. Apache and its insurer have refused to accept S&S Consulting's tender request.

## IV.   CLAIMS

10. Apache is contractually obligated to defend, indemnity, hold harmless, and otherwise provide coverage to S&S Consulting. On or about August 27, 2015, and again on October 28, 2015, S&S Consulting made demand on Apache and its insurers for performance under the contract. To date, Apache has failed and refused to honor its contractual obligations. Under the contractual arrangement, Apache is liable and responsible for all costs, attorney's fees, and expenses incurred in the defense and/or settlement, judgment or other resolution of Plaintiff's action against S&S Consulting and is liable to reimburse S&S Consulting for all costs, expenses, damages, and attorney's fees incurred by S&S Consulting in such defense or in enforcement of these contractual obligations against Apache.

11. More than thirty (30) days have elapsed since S&S Consulting made demand for the just amounts owed and for the provision of defense, indemnity, and additional insured coverage pursuant to the contractual agreement, but Apache has failed

and refused to honor its obligations and continues to fail and refuse to perform as required under the MSA.  As such, S&S Consulting is entitled to reasonable attorney's fees and costs and expenses associated with the prosecution of this cross-claim as well as for amounts incurred in the defense of Plaintiff's claims against S&S Consulting.

12. In the alternative and for further cause of action, S&S Consulting asserts it is entitled to a declaration of entitlement to defense and indemnity from Apache and is further entitled to a declaration of entitlement to being named as an "additional insured" under all of Apache's liability insurance policies in effect at the time of Plaintiff's alleged injury.

13. In the alternative and for further cause of action, S&S Consulting asserts if Plaintiff is damaged as alleged, which damages are not admitted and are expressly denied, then Plaintiff's injuries, if any, were caused by the negligence or other legal fault of Apache or those for whom it was responsible.  S&S Consulting, therefore, seeks contribution from Apache for all sums which S&S Consulting may become liable to pay Plaintiff as a result of this suit.

14. Despite written notice and request for defense and indemnity by S&S Consulting, Apache has refused to comply with its contractual obligations.  Apache's failure to defend and indemnity S&S Consulting for Plaintiff's claims in this lawsuit as an additional insured and otherwise constitute breaches of the MSA and contractual obligations by Apache.  Apache is therefore liable for all damages flowing from said breaches.  Apache's breaches of the MSA are the proximate and producing cause of actual damages incurred by S&S Consulting.

## V. CONDITIONS PRECEDENT

15. All conditions precedent to S&S Consulting's claim for relief have been performed or have occurred.

## VI. DAMAGES

16. For the reasons stated herein, S&S Consulting has sustained damages, including but not limited to attorney's fees, costs, and expenses incurred in defending Plaintiff's cause of actions and in prosecuting this third-party action and is also entitled to judgment over against Apache for any sums which it may become liable to Plaintiff in this action, for all of which S&S Consulting prays, pre-judgment and post-judgment interest in accordance with the law, and for all other such relief, whether at law or in equity to which it may be entitled.

## VII. PRAYER

17. WHEREFORE, PREMISES CONSIDERED, Cross-Plaintiff, S&S Consulting Group, LLC, prays this Honorable Court render judgment against Cross-Defendant, Apache Corporation, in favor of S&S Consulting for damages, with interest, costs and attorney's fees, as applicable, and for all other such relief, whether in law or in equity, to which it may show itself justly entitled.

        Respectfully submitted,

        THOMPSON, COE, COUSINS & IRONS, LLP

        */s/ William R. Moye*
        WILLIAM R. MOYE
        *Attorney-in-Charge*
        Tex. Bar No. 24027553
        S.D. Tex. No. 34007
        One Riverway, Suite 1400
        Houston, TX 77056
        (713) 403-8210; Facsimile: (713) 403-8299
        wmoye@thompsoncoe.com

        ***Attorney for Defendant S&S Consulting, LLC***

OF COUNSEL:

MOLLY L. PELA
Tex. Bar No. 24046606
S.D. Tex. No. 1115529
THOMPSON, COE, COUSINS & IRONS, LLP
One Riverway, Suite 1400
Houston, TX 77056
(713) 403-8210; Facsimile: (713) 403-8299
mpela@thompsoncoe.com

**CERTIFICATE OF SERVICE**

       I certify that on the 30th day of November, 2015, a true and correct copy of the foregoing was served was served via the Court's ECF system upon the following counsel of record:

*Via E-File*
Jerry C. von Sternberg
Spagnoletti & Co.
401 Louisiana Street, 8th Floor
Houston, Texas 77002
***Attorneys for Plaintiff***

*Via E-File*
Kent M. Adams
Sarah R. Smith
Lewis Brisbois Bisgaard & Smith, LLP
Weslayan Tower, Suite 1400
24 Greenway Plaza
Houston, Texas 77046
***Attorneys for Defendant, Apache Corporation***

*Via E-File*
Bradley L. DeLuca
Brigid D. Ashcraft
Adam R. Diamond
Johnson DeLuca Kurisky & Gould, P.C.
4 Houston Center
1221 Lamar, Suite 1000
Houston, Texas 77010
***Attorneys for Defendant, Wood Group PSN, Inc.***

                                                */s/ Molly L. Pela*
                                                Molly L. Pela