IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| **MCGILL PARFAIT** | § § § | |
| *Plaintiff,* | § § | CIVIL ACTION NO. 3:14-CV-00213 |
| vs. | § § | JURY DEMANDED |
| **APACHE CORPORATION,** | § § | |
| *Defendant.* | § § | |

## DEFENDANT S&S CONSULTING GROUP, LLC'S
## MOTION FOR SUMMARY JUDGMENT ON PLAINTIFF'S CLAIMS

TO THE HONORABLE UNITED STATES DISTRICT JUDGE

Defendant S&S Consulting Group. LLC ("S&S Consulting") files this Motion for Summary Judgment and in support would show the Court the following:

### BRIEF SUMMARY OF CASE

1.  Plaintiff seeks personal injury damages after a flange allegedly fell on him while attempting to change a shut-down valve on an off-shore platform owned by Defendant Apache Corporation ("Apache"). Plaintiff's employer, Performance Energy Services ("PES"), and S&S Consulting were both independent contractors hired by Apache Corporation to perform work on Apache's platforms. On or about June 30, 2013, Plaintiff was tasked with changing a shut-down valve, wherein his alleged injuries occurred. Plaintiff initially filed suit on June 30, 2014, and added S&S Consulting as a party on January 9, 2015.

1

2. The discovery deadline in this case expired December 3, 2015, pursuant to the Court's scheduling order. The parties have exchanged written discovery, including expert's reports, and deposed Plaintiff. This case is currently set for docket call on February 25, 2016.

## SUMMARY OF ISSUE TO BE RULED UPON

3. Defendant S&S Consulting is entitled to summary judgment as there is insufficient evidence to demonstrate S&S Consulting breached any duty to Plaintiff at or near the time of the incident. As discussed in further detail below, S&S Consulting's sole employee with Plaintiff's crew, Joseph Kanson, was not in the area of the incident either before the incident occurred or at the time of the incident, nor did he maintain control or retention of the operations in the area of this incident. As such, Plaintiff cannot prove S&S Consulting vis-à-vis Kanson was negligent and/or grossly negligent in causing or contributing to this incident and summary judgment is, therefore, appropriate.

4. The appropriate standard of review for summary judgment is whether there is sufficient evidence favoring the non-moving party for a jury to return a verdict in favor of the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986). A court shall grant summary judgment when a "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to summary judgment as a matter of law." Fed. R. Civ. P. 56(c). A moving party may meet its burden on summary judgment by identifying the absence of evidence to support the non-movant's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986). The burden then shifts to non-movant to prove sufficient facts to establish the elements of his case. *Id.* at 323.

## UNDISPUTED FACTS

5. On or about June 30, 2013, Plaintiff claims he was injured while working for PES as an offshore pipefitter at Apaches Grand Isle 40 platform located off the Louisiana Coast in the Gulf of Mexico ("GI 40"). Doc. 15 at 3. Plaintiff seeks damages for alleged injuries he sustained as a result of this incident. *Id.*

6. On January 10, 2011, S&S Corporation and Apache entered into a Master Services Contract. *See* App. 1 – Affidavit of K. Saucier. This contract was in effect on June 30, 2013, the date Plaintiff alleges he was injured, herein S&S Consulting provided "company man" services to Apache. *Id.*

7. On June 30, 2013, while working on a different (unknown) Platform, Plaintiff's crew was told to immediately relocate to the GI 40 Platform via boat. App. 2 – Deposition testimony of Plaintiff at 27:24-28:12. Once at the GI 40 Platform, Plaintiff was tasked with reinstalling a previously improperly installed shut-down valve. *Id.* at 34:19-35:5. At no time did Kanson get off the boat onto the GI 40 Platform after delivering Plaintiff's crew to GI 40. *Id.* at 80:7-80:11.

## ARGUMENTS AND AUTHORITY

8. Defendant Wood Group has filed a Motion for Summary Judgment, which appropriately sets forth the applicable case law relevant to this Motion. S&S Consulting reiterates this case law herein.

9. In claims against "operator[s] of the platform...the Louisiana[1] law governing the liability of the owner or custodian of a defective thing is Louisiana Civil Code article 2317.1." *Dennis v. Bud's Boat Rental, Inc.*, 987 F. Supp. 948, 952 (E.D. La. 1997). Article 2317.1 provides, in part as follows:

> The owner or custodian of a thing is answerable for damage occasioned by its ruin, vice, or defect, only upon a showing that he knew of or in the exercise of reasonable care, should have known of the ruin, vice or defect which caused the damages, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care.

10. Meaning, the plaintiff must demonstrate the defendant had custody of the thing causing the injury, that the thing contained a defect, that is, a condition creating an unreasonable risk of harm, and the defective condition caused plaintiff's injury. *Reitzell v. Pecanland Mall Associates, Inc.*, 852 So.2d 1229 (La. App. 2 Cir. 2/20/03). Of note, the designation as a company man is insufficient to demonstrate custody or control. *See Boutwell v. Chevron USA, Inc.*, 864 F.2d 406, 409 (5th Cir. 1989) (applying Louisiana law and citing *Williams v. Gervais F. Favrot Co.*, 499 So.2d 623 (La.App. 4th Cir.1986), *writ refused*, 503 So.2d 19 (1987) which held that the mere presence of a company man is not sufficient to constitute the retention of operations control).

11. Additionally, Louisiana law recognizes one independent contractor owes another independent contractor working on the same premises the same duty of exercising ordinary care as owed to the public generally. *Lafont v. Chevron, U.S.A., Inc.*,

---

[1] Plaintiff pursues his claim under the Outer Continental Shelf Lands Act ("OSCLA"), 43 U.S.C. §§1331, *et. Seq.* Doc. 15. Under the provisions of OSCLA, courts are to apply the law of the state adjacent to the seabed on which the incident occurred. Id. at § 1333 (2)(a). Louisiana is the state adjacent, and therefore, Louisiana law applies.

4

593 So.2d 416, 420 (La. Ct. App. 1991). As stated in *Lafont*, that duty is "at the very least...refrain from gross, willful or wanton negligence, and at the most the duty to refrain from creating an unreasonable risk of harm or a hazardous condition." *Id.* See also *George v. Nabors Offshore Corp.*, 464 Fed. Appx. 300-01 (5th Cir. 2012) (citing *Lafont*, 539 So. 2d at 420). Finally, the Louisiana Supreme Court defined gross negligence as "the want of even slight care and diligence," and "the want of that diligence which even careless men are accustomed to exercise." *Rabalais v. Nash*, 952 So. 2d 653, 658 (La.2007).

12. Summary judgment should be granted for S&S Consulting. Plaintiff cannot establish S&S Consulting, as an independent contractor: (1) was in control of the premises; (2) created a condition which caused Plaintiff's injuries; (3) knew or should have known of the ruin, vice or defect which caused the damages; or (4) acted with gross negligence in causing this incident. Rather, Plaintiff's own deposition testimony unequivocally establishes S&S Consulting did not breach any duties, nor act with willful or wonton negligence sufficient to establish gross negligence. Specifically, Plaintiff testified as follows with respect to Joseph Kanson:

> Q: Do you know who had put the flange up there?
> A: No, sir.
> Q: Do you know who had taken the flange off the shutdown valve?
> A: No, sir.

App. 2 at 80:7-80:11

> Q: When this -- when the flange came down, was Joseph in the area?
> A: No, he was on the boat.

5

>   Q: He was still on the boat?
>   A: Yeah, it was just flipping a valve, you know, simple job.

App. 2 at 137:7-137:12

>   Q: And was he with you when you were at the other platform before you went to the 40G platform?
>   A: Yes, ma'am.
>   Q: Did he ride with you guys from the –
>   A: Yes, he lives on the boat with us.
>   Q: Okay. And, so, from the first platform that you guys were at, when you went to the 40G platform, he was on the boat with you?
>   A: Yes, ma'am.
>   Q: So, when you say he lived on the boat with you, he had been on the boat for at least the four or five days that you had been on your hitch?
>   A: Yes, ma'am.

App.2 at 177:7-177:19

>   Q: Does he [Joseph] get off the boat and go onto the platform?
>   A: He did not because it was just the valve, no. It was just a valve to be changed.

App. 2 at 177:23-178:1

13.  This testimony alone is sufficient to establish S&S Consulting is entitled to summary judgment. *See Dennis*, 987 F. Supp at 952 (E.D. La. 1997) (finding a plaintiff's own deposition testimony was unable to state any actions or inactions what contributed to plaintiff's accident.); See also *Lafont*, 593 So. 2d at 418-21.

14.  However, the undisputed evidence including Plaintiff's deposition testimony demonstrates Kanson did not vacate the boat which took Plaintiff and his crew from the unknown platform to the GI 40, where the incident allegedly occurred. Further,

as Plaintiff testified, Kanson was with Plaintiff and his crew since the beginning of Plaintiff's hitch, approximately four to five days prior to this incident. Kanson in no way had any control over the flange that purportedly fell and injured Plaintiff. As such, Plaintiff cannot demonstrate S&S Consulting, through the actions or inactions of Kanson, is negligent for his injuries.

15. Though Plaintiff is unable to identify with any certainty who placed the flange in the elevated position prior to his arrival, he does know it was not S&S Consulting, as Kanson had been with Plaintiff's crew in the days prior to the accident, and did not ever board the GI 40 platform at or near the time of Plaintiff's alleged injury. As such, there is not sufficient evidence for a responsible jury to find S&S Consulting breached its duty to refrain from acting with gross, willful, or wanton negligence, or otherwise created the condition by which Plaintiff was allegedly injured. Rather, the evidence demonstrates Kanson could not have created the condition, as he was never on the platform where the incident occurred.

16. Much like in *Lafont*, summary judgment is appropriate in the present case, as there is no evidence S&S Consulting created or contributed to Plaintiff's injury. *Lafont*, 593, So. 2d at 420.

## CONCLUSION

17. To prosecute Plaintiff's case and survive summary judgment, he must demonstrate sufficient evidence exists for a reasonable jury to determine S&S Consulting was negligent or grossly negligent in causing his alleged injuries. Plaintiff has failed to do so, and testified to this in his deposition.

7

18. Rather, the evidence demonstrated by Plaintiff's testimony proves Kanson was not in the area at the time the incident occurred, nor in the area in the days preceding his accident. Further, relevant case law states Kanson's position as the company man does not legally charge him with control of the area. As such, there is no genuine issue of material fact and S&S Consulting is entitled to summary judgment.

WHEREFORE, PREMISES CONSIDERED, Defendant S&S Consulting, LLC, respectfully pray the Court grant this Motion for Summary Judgment and for all other such relief to which it may be entitled, whether in law or equity.

Respectfully submitted,

THOMPSON, COE, COUSINS & IRONS, LLP

*/s/ William R. Moye*
WILLIAM R. MOYE
*Attorney-in-Charge*
Tex. Bar No. 24027553
S.D. Tex. No. 34007
One Riverway, Suite 1400
Houston, TX 77056
(713) 403-8210; Facsimile: (713) 403-8299
wmoye@thompsoncoe.com

**Attorney for Defendant S&S Consulting, LLC**

OF COUNSEL:

MOLLY L. PELA
Tex. Bar No. 24046606
S.D. Tex. No. 1115529
THOMPSON, COE, COUSINS & IRONS, LLP
One Riverway, Suite 1400
Houston, TX 77056
(713) 403-8210; Facsimile: (713) 403-8299
mpela@thompsoncoe.com

## CERTIFICATE OF SERVICE

I certify that on the 17th day of December, 2015, a true and correct copy of the foregoing was served was served via the Court's ECF system upon the following counsel of record:

*Via E-File*
Jerry C. von Sternberg
Marcus Spagnoletti
Spagnoletti & Co.
401 Louisiana Street, 8th Floor
Houston, Texas 77002
**Attorneys for Plaintiff**

*Via E-File*
Kent M. Adams
Sarah R. Smith
Lewis Brisbois Bisgaard & Smith, LLP
Weslayan Tower, Suite 1400
24 Greenway Plaza
Houston, Texas 77046
**Attorneys for Defendant, Apache Corporation**

*Via E-File*
Bradley L. DeLuca
Brigid D. Ashcraft
Adam R. Diamond
Johnson DeLuca Kurisky & Gould, P.C.
4 Houston Center
1221 Lamar, Suite 1000
Houston, Texas 77010
**Attorneys for Defendant, Wood Group PSN, Inc.**

　　　　　　　　　　　　　　　　　　*/s/ Molly L. Pela*
　　　　　　　　　　　　　　　　　　Molly L. Pela